


FILED
2014 FEB 25 PM 4:09
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Chelsea Addison, on her own behalf, and behalf of all others similarly situated*

# IN THE UNITED STATES DISTRICT COURT FOR
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA ADDISON, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONARCH & ASSOCIATES, INC., a California corporation, and DOES 1-10, inclusive,<br><br>Defendants. | No. CV14-358 VAP (CWx) |

## CLASS ACTION COMPLAINT

Plaintiff Chelsea Addison ("Addison" or "Plaintiff"), makes this complaint against Defendant Monarch & Associates, Inc. ("Monarch" or "Defendant"), and Does 1 to 10 (collectively, "Defendants"). Plaintiff's allegations as to her own actions are based on personal knowledge. The other allegations are based on her counsel's investigation of publicly available documents and interviews with witnesses, and information and belief.

### Introduction

1. This case concerns Monarch's violations of the Fair Debt Collection

Class Action Complaint

Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692p) and the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788-1788.33) ("RFDCPA").

2. Monarch (or one of its agents) calls consumers, alleging that the consumers owe debts and falsely representing that these consumers are being sued and/or served with legal papers. In response to any inquiries by the consumer, Monarch directs the consumers to call a telephone number.

3. When the consumers call that telephone number, Monarch misrepresents itself as a creditor, falsely misrepresents the character, amount, and/or legal status of the alleged debt, falsely misrepresents that Monarch can and intends to take legal action, and then offers to settle for a fraction of the amount. Monarch accepts payments by credit card and/or debit card.

4. Throughout these interactions, Monarch does not accurately identify itself. Monarch does not indicate that it is a debt collector, or that it is attempting to collect a debt and that any information obtained will be used for that purpose.

5. Addison alleges on information and belief that Monarch's conduct violates a variety of provisions of section 1692e of the FDCPA (and consequently the RFDCPA) with respect to a class of consumers. On her own behalf and on behalf of all similarly situated persons, Plaintiff seeks remedies under the FDCPA and RFDCPA, including statutory damages, actual damages, and the costs of the action, together with a reasonable attorney's fee as determined by the court. *Cf.* 15 U.S.C. § 1692k; Cal. Civ. Code § 1788.17.

**Parties**

6. Plaintiff Chelsea Addison is a natural person residing in Orange county. Addison brings this action on behalf of herself and others similarly situated.

7. Defendant Monarch Information Solutions, Inc. is a California corporation which maintains offices at 250 Rincon, Suite 103, Corona, California 92879. Monarch uses the instrumentalities of interstate commerce and the mails for

the principal purpose of collection of alleged debts which are primarily for personal, family, or household purposes. Monarch regularly collects or attempts to collect, directly or indirectly, alleged debts owed or due or asserted to be owed or due another. Monarch is debt collector under the definition of 15 U.S.C. § 1692a(6).

8. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by plaintiff. On information and belief, all Doe Defendants are citizens of California.

9. Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

10. Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## Jurisdiction and Venue

11. Addison asserts federal claims under the FDCPA. The Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The Court at least has supplemental jurisdiction over Addison's state law claims under 28 U.S.C. § 1367(a) because they are sufficiently related to the FDCPA claims that they are part of the same case or controversy.

12. This Court has personal jurisdiction over the Defendants under California Code of Civil Procedure section 410.10 because the acts alleged herein were committed in Orange County.

13. Venue is also proper before this Court under 28 U.S.C. § 1391(a)(2), (c), because, e.g., Monarch's business is located in Riverside County.

## Plaintiff's Individual Allegations

14. In September 2013, Addison received a call on her cellular telephone from a person who identified herself as a process server. The caller stated that she needed to serve Addison with a subpoena, for an upcoming court case, and that Addison had been sued. When Addison asked for a further explanation, the caller told Addison to call a particular telephone number to speak with an "account executive" or a "case administrator."

15. When Addison called, the "account executive" identified himself as an employee of the collection department of a large bank. The "account executive" further stated that the lawsuit concerned a $78 fee associated with a personal deposit account, but that with various late fees, court fees, and penalties, Addison owed over $3,500, and that the bank intended to obtain a judgment against Addison and to garnish her wages and levy her assets. The "account executive" then offered to settle with Addison for $657.

16. Shocked and frightened, Addison arranged to make a payment of $200 via her debit card. Addison then received a receipt from Monarch for the $200 charge. (Addison ultimately succeeded in rescinding that charge.) This was

1 the first time Addison learned of Monarch's involvement in these transactions.

2    17.    On information and belief, both the initial caller and the account executive were Monarch's agents and falsely misrepresented themselves as a process server and a bank executive. Monarch's use of any business, company, or organization name other than Monarch's true name violated 15 U.S.C. § 1692e(14). Monarch's failure to disclose that it was a debt collector, that it was attempting to collect a debt, and that any information obtained from Addison would be used for that purpose, violated 15 U.S.C. § 1692e(11).

   18.    On information and belief, Monarch's representations about the character, amount, and/or legal status of the $3,500 alleged debt was false. By falsely representing the character, amount, or legal status of the $3,500 alleged debt, Monarch violated 15 U.S.C. § 1692e(2)(a).

   19.    Within five days after the initial communication with a consumer, the FDCPA requires debt collectors to provide a written notice about (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement regarding disputing the validity of the debt; (4) a statement regarding the verification of the debt; and (5) a statement concerning the provision of information about the original creditor. 15 U.S.C. § 1692g(a). Addison never received the notice required under 15 U.S.C. § 1692g(a) either in the initial communication with Monarch or afterwards. Monarch's failure to provide such notice violated 15 U.S.C. § 1692g(a).

   20.    Addison has never been served with the lawsuit referenced in the September 2013 call. On information and belief, Monarch's representations that (1) the lawsuit had been filed; and that (2) the bank intended to garnish Addison's wages or levy her assets were false. Monarch's representation or implication that nonpayment of the alleged $3,500 debt would result in the seizure, garnishment, attachment, or sale of Addison's property or wages, where such action was not lawful and Monarch did not intend to take such action, violated 15 U.S.C. §

1692e(4), (5), and (10).

## Class Allegations

21. **Class Definition:** Addison seeks to certify a class under Federal Rule of Civil Procedure 23. Addison brings this Complaint against Defendants on behalf of herself and the class (the "Class") of

> All natural persons who, within one year prior to the date this complaint was filed, received any calls from Defendants in which Defendants (1) sought to collect a debt but (2) failed to identify themselves; (3) failed to disclose that the call was attempting to collect a debt, and that any information obtained would be used for that purpose; (4) failed to provide the notice required under 15 U.S.C. § 1692g(a); (5) represented that legal action had been taken, where no such action had been taken; and/or (6) represented that legal action would be taken, where Monarch did not intend to take any such action.

Members of the Class can be readily identified from Defendants' records and public records. Members of the Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice.

22. **Class Numerosity:** The exact number of members of the Class is unknown and is not available to Addison at this time, but such information should be readily ascertainable by Defendants. Given that Monarch's violation of section 1692e arises from routine application of its uniform business practices, Addison alleges that individual joinder of all members of the Class is impracticable.

23. **Class Commonality:** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members of the Class. Identification of the individuals who qualify as a member of the Class will be sufficient to establish liability to the Class member.

24. **Typicality:** Addison's claims are typical of the claims of the other members of the Class. Addison is not different in any relevant way from any other member of the Class, and the relief she seeks is common to the Class.

25. **Adequate Representation:** Addison will fairly and adequately

Class Action Complaint 6

represent and protect the interests of the other Class members: her interests do not conflict with their respective interests. Addison has retained counsel competent and experienced in complex class actions, and she intends to prosecute this action vigorously.

26. **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to obtain effective relief from Defendants' misconduct on an individual basis. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

27. **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendants challenged herein apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

## FIRST CAUSE OF ACTION:
### Violation of the FDCPA Against All Defendants by Plaintiff Individually and on Behalf of the Class

28. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of herself and the Class Members.

29. Defendants are seeking to collect debts under the definition of 15 U.S.C. § 1692a(5). Defendants are debt collectors under the definition of 15 U.S.C. § 1692a(6).

30. Addison and the other Class members are consumers under the definition of 15 U.S.C. § 1692a(3).

31. In the regular course of business dealing with Addison and the other Class members, Defendants use business, company, or organization names other than Monarch's true name, in violation of 15 U.S.C. § 1692e(14).

32. In the regular course of business dealing with Addison and the other Class members, Defendants fail to disclose that they are debt collectors, that they are attempting to collect a debt, and that any information obtained would be used for that purpose, in violation 15 U.S.C. § 1692e(11).

33. In the regular course of business dealing with Addison and the other Class members, Defendants fail to provide the notice required under 15 U.S.C. § 1692g(a) either in the initial communication or through a subsequent written notice, in violation of 15 U.S.C. § 1692g(a).

34. In the regular course of business dealing with Addison and the other Class members, Defendants falsely represent that legal action has been taken (such as the filing of a complaint), in violation of 15 U.S.C. § 1692e(10).

35. In the regular course of business dealing with Addison and the other Class members, Defendants falsely represent that they will take legal action which they have no intention of taking (such as the garnishing wages or levying assets), in violation of 15 U.S.C. § 1692e(4) and 15 U.S.C. § 1692e(5).

36. Class members have paid money to Defendants in reliance on the misrepresentations that Defendants have taken or will take legal action against Class members.

37. Class members have paid money to Defendants in reliance on the misrepresentations that Defendants are the original creditors.

38. Addison seeks actual and statutory damages, and attorneys' fees, pursuant to 15 U.S.C. § 1692k(a) for herself and the other members of the Class.

**SECOND CAUSE OF ACTION:**
**Violation of the RFDCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the Class**

39. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of herself and the Class Members.

40. Defendants are seeking to collect debts under the definition of California Civil Code § 1788.2 (d). Defendants are debt collectors under the definition of California Civil Code § 1788.2(c).

41. The Rosenthal Act provides that: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17.

42. Each of the FDCPA violations alleged above (incorporated herein by reference) also represents a violation of California Civil Code § 1788.17.

43. Addison seeks actual and statutory damages, and attorneys' fees, pursuant to California Civil Code § 1788.17 for herself and the other members of the Class.

WHEREFORE, Plaintiff Chelsea Addison prays that the Court enter judgment and orders in her favor and against Defendant Monarch Information Solutions, Inc. and Does 1 to 10 as follows:

a. An order certifying the Class, directing that this case proceed as a class action, and appointing Addison and her counsel to represent the Class;

b. Actual damages under 15 U.S.C. § 1692k(a)(1) and California Civil Code § 1788.17

c. Statutory damages as provided under 15 U.S.C. § 1692k(a)(2) and California Civil Code § 1788.17;

d. An order granting the costs of the action, together with a reasonable attorney's fee as determined by the court under 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.17; and

e. Such other and further relief as this Court may deem appropriate.

Dated: February 24, 2014        By: _____
David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Chelsea Addison, on her own behalf, and behalf of all others similarly situated*

Class Action Complaint                                  10

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 24, 2014        By: _____
David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85258
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Chelsea Addison, on her own behalf, and behalf of all others similarly situated*

Class Action Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Virginia A. Phillips_____ and the assigned Magistrate Judge is _____Carla Woehrle_____.

The case number on all documents filed with the Court should read as follows:

**EDCV14-358-VAP(CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 25, 2014                By    C. Sawyer
Date                                   Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☒ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

AO 440 (Rev 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Chelsea Addison, an individual on her own behalf and on behalf of all others similarly situated, <br><br> *Plaintiff(s)* <br> v. <br><br> Monarch & Associates, Inc., a California corporation, and Does 1 to 100, inclusive, <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> ED CV14-358 VAP (Cwx) <br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Monarch & Associates, Inc.
c/o Corporate Service Company
2710 Gateway Oaks, Suite 150N
Sacramento, California 95833

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Ethan Preston
    Preston Law Offices
    8245 North 85th Way
    Scottsdale, Arizona 85258
    (480) 269-9540

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT
CHRISTOPHER

Date: 2-25-14

_____
*Signature of Clerk or Deputy Clerk*

1149

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Chelsea Addison

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

**(b) County of Residence of First Listed Plaintiff** Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Ethan Preston, Preston Law Offices, 8245 North 85th Way, Scottsdale, Arizona 85258, (480) 269-9540

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ N/A

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act (15 U.S.C. §§ 1692-1692p)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: ED CV14-358

CV-71 (11/13)              CIVIL COVER SHEET              Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
**SOUTHERN DIVISION.**
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
**EASTERN DIVISION.**
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
**WESTERN DIVISION.**
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Eastern Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _[signature]_                    DATE: 2/24/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |