David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Chelsea Addison, on her own behalf, and behalf of all others similarly situated*

JS-6

**IN THE UNITED STATES DISTRICT COURT FOR**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHELSEA ADDISON, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONARCH & ASSOCIATES, INC., a California corporation, and DOES 1-10, inclusive,<br><br>Defendants. | No. EDCV 14-358-GW(CWx)<br><br>Judge George H. Wu<br><br>Magistrate Judge John E. McDermott<br><br>**FINAL JUDGMENT** |

## I. Background

Plaintiff Chelsea Addison ("Addison" or "Plaintiff") alleges Tina Coca ("Coca") routinely violated the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692p) while operating her solely-owned corporation, Monarch & Associates, Inc. ("Monarch"), as a debt collector.[1]

---

[1] In the operative First Amended Class Complaint, it was alleged that:

2. Monarch (or one of its agents) calls consumers, alleging that the consumers owe debts and falsely representing that these consumers are being sued and/or served with legal papers. In response to any inquiries by the consumer, Monarch directs the consumers to call a telephone number.

On September 1, 2015, Addison filed her motion for class certification. *See* Docket No. 70. The Court's ruling on that motion was extended repeatedly to resolve Addison's request for discovery sanctions against Coca and Monarch. On May 8, 2017, Magistrate John E. McDermott entered a report and recommendation ("Report") for terminating sanctions against Tina Coca ("Coca") and Monarch & Associates, Inc. ("Monarch"), for willful and extensive spoliation of evidence. *See* Docket No. 189. The Report recommended the Court certify the following class for the purposes of entering a default judgment against Coca and Monarch:

> individual persons who made payments to Monarch and who are identified in the file named "transaction_records.csv" produced by USAePay to Plaintiff's counsel for the purpose of awarding sanctions, actual and statutory damages and attorneys' fees under 15 U.S.C. 1692k(a); excluding any person who is (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest, and current or former employees, officers and directors of Defendants; (c) persons who properly execute and file a timely request for exclusion from the class; and (d) the legal representatives, successors or assigns of any such excluded persons.

*Id.* at 9:16-22. The Report made several findings to support the recommendation for certification of the foregoing class:

> The USAePay records show Monarch had $2.1 million revenue in card payments alone from roughly 1,500 to 3,000 consumers. (Preston Decl. ¶16.) The class of consumers identified in these USAePay records is ascertainable; is sufficiently numerous under Rule 23(a); and satisfies the commonality and typicality requirements under Rule 23(a). Moreover, Addison is an adequate class representative, Ethan Preston of Preston Law Offices and David C. Parisi of Parisi & Havens LLP are adequate class counsel. Finally, the class can be certified under Rule 23(b)(1) because there is a limited fund to which the class are entitled and (in the addition or the alternative) the class can be certified under Rule 23(b)(3) because the common material facts (especially Coca's spoliation of evidence) predominate over any individual issues.

> 3. When the consumers call that telephone number, Monarch misrepresents itself as a creditor, falsely misrepresents the character, amount, and/or legal status of the alleged debt, falsely misrepresents that Monarch can and intends to take legal action, and then offers to settle for a fraction of the amount. Monarch accepts payments by credit card and/or debit card.

*See* Docket No. 45 at 2.

*Id*. at 8:25-9:8. The Court solicited another round of briefs from the parties on the Report, which the parties completed. *See* Docket Nos. 191-193.

On June 5, 2017, the Court adopted the Report, and directed "Counsel for Plaintiff [to] file a proposed class certification order and judgment by June 23, 2017." *See* Docket No. 194. Plaintiff complied and the Court certified the Class identified in the Report on June 23, 2017. *See* Docket No. 196. On July 13, 2017 the Court ordered Plaintiff to file a prove-up re class certification by July 28, 2017.

Plaintiff then filed an Application for Judgment ("Application") filed on July 28, 2017 at the Court's direction. *See* Docket No. 198. Defendant filed a Response on August 11, 2017. *See* Docket No. 199. The Application requested a Judgment against all Defendants, jointly and severally, for (1) $2,119,120.80 in actual damages, (2) statutory damages of $1,000 for Addison individually, and (3) class statutory damages of one percent of the Defendants' respective net worth under 15 U.S.C. § 1692k(a)(2)(B)(ii). *See* Memorandum of Points and Authority in Support of Plaintiff's Application For Final Judgment ("MPA"), Docket No. 198-1 at p. 4:9-14.

## II. Actual Damages in the Amount of $2.1 Million

The FDCPA provides for recovery of "any actual damage sustained by such person as a result of such failure[.]" 15 U.S.C. § 1692k(a)(1). The records of transactions produced by USAePay reflect payments made by class members to Defendant, which total $2,119,120.80. *See* Declaration of Ethan Preston ("Preston Decl."), Docket No. 198-2 ¶¶ 1-4. Plaintiff took steps to ensure only charges that were approved were counted in the final calculation. *Id*. ¶¶ 3-4. Thus, the Court awards actual damages in the amount of $2,119,120.80 to the Class, consistent with and according to the USAePay records.

## III. The Court Grants Statutory Damages

The FDCPA also provides for statutory damages "not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector."15 U.S.C. §

1692k(a)(2). Based on Defendant's frequent and persistent spoliation of evidence and refusal to comply with court orders, which was done in bad faith and with malicious intent, the available evidence Defendants conduct was widespread, the Court the awards the maximum statutory damages available: $1,000 requested for the individual Plaintiff and the 1% of the net worth of Defendant requested for the class. *See* Report at 8:3-25; 8:26-9:8; 19-25.

### IV. Costs and Attorneys' Fees

The FDCPA also provides for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The Court orders that Plaintiffs' counsel may submit an application for costs and attorneys' fees within 90 days of this judgment. *Cf.* Fed. R. Civ. P. 54(d)(2)(B).

Date: September 12, 2017

_____
GEORGE H. WU, U.S. District Judge