# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 14-358-GW(CWx) | | Date | January 25, 2018 |
|---|---|---|---|---|
| Title | *Chelsea Addison v. Monarch & Associates, Inc., et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| Ethan Preston by telephone<br>David C. Parisi by telephone | None Present | | |

**PROCEEDINGS:** **PLAINTIFF CHELSEA ADDISON'S MOTION FOR ATTORNEYS' FEES AND COSTS [203]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is GRANTED. Counsel for Plaintiff will file amended proposed order(s) forthwith.

|  | : | 08 |
|---|---|---|
| Initials of Preparer | JG | |

<u>*Addison v. Monarch and Associates*</u>, Case No. 5:14-cv-00358-GW-(JEMx)
Tentative Ruling on Plaintiff's Motion for Attorneys' Fees and Costs

## I. Background

Plaintiff Chelsea Addison ("Addison" or "Plaintiff") alleges Tina Coca ("Coca") routinely violated the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692p) while operating her solely-owned corporation, Monarch & Associates, Inc. ("Monarch"), as a debt collector.

On September 1, 2015, Addison filed her motion for class certification. *See* Docket No. 70. The Court's ruling on that motion was extended repeatedly to resolve Addison's request for discovery sanctions against Coca and Monarch. On May 8, 2017, Magistrate John E. McDermott entered a report and recommendation ("Report") for terminating sanctions against Tina Coca ("Coca") and Monarch & Associates, Inc. ("Monarch"), for willful spoliation. *See* Docket No. 189. The Report recommended the Court certify the following class for the purposes of entering a default judgment against Coca and Monarch:

> individual persons who made payments to Monarch and who are identified in the file named "transaction_records.csv" produced by USAePay to Plaintiff's counsel for the purpose of awarding sanctions, actual and statutory damages and attorneys' fees under 15 U.S.C. 1692k(a); excluding any person who is (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest, and current or former employees, officers and directors of Defendants; (c) persons who properly execute and file a timely request for exclusion from the class; and (d) the legal representatives, successors or assigns of any such excluded persons.

*Id.* at 9:16-22. The Report made several finding to support the recommendation for certification of the foregoing class:

> The USAePay records show Monarch had $2.1 million revenue in card payments alone from roughly 1,500 to 3,000 consumers. (Preston Decl. ¶16.) The class of consumers identified in these USAePay records is ascertainable; is sufficiently numerous under Rule 23(a); and satisfies the commonality and typicality requirements under Rule 23(a). Moreover, Addison is an adequate class representative, Ethan Preston of Preston Law Offices and

1

> David C. Parisi of Parisi & Havens LLP are adequate class counsel. Finally, the class can be certified under Rule 23(b)(1) because there is a limited fund to which the class are entitled and (in the addition or the alternative) the class can be certified under Rule 23(b)(3) because the common material facts (especially Coca's spoliation of evidence) predominate over any individual issues.

*Id.* at 8:25-9:8. The Court solicited another round of briefs from the parties on the Report, which the parties completed. *See* Docket Nos. 191-193.

On June 5, 2017, the Court adopted the Report, and directed "Counsel for Plaintiff [to] file a proposed class certification order and judgment by June 23, 2017." *See* Docket No. 194. Plaintiff complied and the Court certified the Class identified in the Report on June 23, 2017. *See* Docket No. 196. On July 13, 2017 the Court ordered Plaintiff to file a prove-up re class certification by July 28, 2017.

Plaintiff filed an Application for Judgment ("Application") on July 28, 2017 pursuant to the Court's direction. *See* Docket No. 198. Defendant filed a Response on August 11, 2017. *See* Docket No. 199. The Court granted the Application on August 24, 2017. *See* Docket No. 200. The Court entered a Final Judgement in favor of Plaintiff (and the Class) on September 12, 2017, in the principal amount of $2,119,120.80 for actual damages. *See* Docket No. 202. The Judgment did not include fees, costs, or interest. *Id.* As part of the Judgment, the Court also awarded statutory damages "not to exceed the lesser of $500,000 or 1 centum of the net worth of the debt collector." *Id.* Now pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs (the "Motion"), Docket No. 203. The Motion is unopposed.

## II. Legal Standard

In the United States, a prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute or other rule allows the prevailing party to collect such fees. *Id.* at 257. The FDCPA is one such statute and allows prevailing parties to recover both the "costs of the action" and "reasonable attorneys' fees as determined by the court." 15 U.S.C. § 1692k(a)(3). "The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

## III. Discussion

Plaintiff seeks attorneys' fees in the amount of $655,054.50 and costs in the amount of

2

$29,993.61 as the prevailing party on the Class's FDCPA claim. *See* Motion at 2. Here, Plaintiff successfully moved for terminating sanctions against Defendants. *See* Minutes of Hearing on Report and Recommendation, Docket No. 194; *see also* Report at 9-10 (recommending terminating sanctions against Defendants). As such, Plaintiff is a prevailing party. *See Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 592 (9th Cir. 1983) ("By its terms, Rule 37 authorizes the sanction of dismissal, and a punitive dismissal is equivalent to an adjudication on the merits.").

### A. Reasonable Attorneys' Fees

To calculate reasonable attorneys' fees under the FDCPA, district courts use the lodestar method. *Camacho*, 523 F.3d at 978 (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001)). The lodestar amount is the number of hours reasonably expended on litigation, multiplied by a reasonable hourly fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking the fee award should submit evidence supporting the hours and rates claimed. *Id.* Courts should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Although the lodestar figure is "presumptively a reasonable fee award," district courts have "a great deal of discretion in determining the reasonableness of the fee." *Camacho*, 523 F.3d at 978. Courts may adjust the lodestar upward or downward, using a multiplier based on facts not subsumed in the initial lodestar calculation. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

#### 1. Lodestar Amount

Class Counsel asserts that the lodestar figure is $655,054.50. *See* Memorandum of Points and Authorities Supporting Plaintiff's Motion for Attorneys' Fees ("Mot."), Docket No. 203-1 at page 9. Class Counsel bases this figure on the following hourly rates and billable hours:

(1) Ethan Preston-$547,243.00 ($515 per hour x 1062.8 hours)
(2) David C. Parisi-$93,170.00 ($550 per hour x 169.4 hours)
(3) Suzanne Havens Beckman-$14,542.50 ($525 per hour x 27.2 hours)

*Id.*

##### a. Reasonableness of Hourly Rate

When determining a reasonable hourly rate, courts generally consider several factors, including: (1) the experience, skill, and reputation of the attorney requesting fees; (2) the prevailing rate in the community for comparable attorneys; and (3) the novelty or difficulty of

3

the issues presented. *See Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007); *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210-11 (9th Cir. 1986).

Class Counsel asserts, and the Court would agree, that the above listed hours rates are consistent with those charged by attorneys in the consumer law field within this district with similar levels of experience. *See* Declaration of Ethan Preston Supporting Plaintiff's Motion for Attorneys' Fees and Expenses ("Preston Decl."), Docket No. 203-2 at ¶ 4. Courts in the Southern District of California have also approved the proposed rates for Class Counsel themselves. *See* Preston Decl. ¶ 3; *see also* Declaration of David C. Parisi in Support of Plaintiff's Motion for Attorneys' Fees and Expenses ("Parisi Decl."), Docket No. 203-3 at ¶ 4. Additionally, Defendants do not contest these rates.

### b. Reasonableness of Hours Expended

"The fee applicant bears the initial burden of substantiating the hours worked and the rate claimed." Jones, Rosen, Wegner & Jones, Federal Civil Trials and Evidence ¶ 19:313 (The Rutter Group 2017); *see also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). A moving party "can meet his burden - although just barely - by simply listing his hours and 'identifying the general subject matter of his time expenditures.'" *Id.* (quoting *Davis v. San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992)). Courts may lower the number of hours if this supporting documentation is inadequate. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). Similarly, courts may exclude hours from the lodestar calculation if the time has not been reasonably expended; *i.e.* hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 434.

Here, Class Counsel breaks down the hours expended into four stages of the litigation. *See* Mot. at 5. Within these stages, Class Counsel identifies the general subject matter of the expenditures, including reference to specific motions. *See id.* at 6-9; *see also* Preston Decl. ¶¶ 6-13; Parisi Decl. ¶¶ 10-13. In doing so, Class Counsel has met its burden in terms of documentation and the substantiation of hours spent. *See Fischer*, 214 F.3d at 1121 (finding burden of substantiation met where "application provided a summary of the time spent on a broad category of tasks such as pleadings and pretrial motions, settlement and court appearances").

While Defendants have not opposed, and thus do not challenge the reasonableness of the hours spent, the Court has reviewed Plaintiff's submission and the entire docket in this case and

has several concerns as to the reasonableness of the hours included in the lodestar. First, many of the tasks billed by Preston, Parisi and Backman appear to overlap. *Compare* Preston Decl. ¶¶ 8-9 (describing hours spent during Phase Two to include a sanctions motion, discovery related to Teresa Rogers, and a class certification motion) with Parisi Decl. ¶ 11 ("During this time we worked on discovery related to Teresa Rogers… a motion for sanctions, and a motion for class certification").

The Court is also concerned with the sheer amount of hours spent by Preston on a series of third party discovery disputes, most of which "required" him to file ex parte applications, most of which concerned nothing more than scheduling matters. These third party discovery disputes also repeatedly involved deficient or, at the very least, questionable meet and confer efforts on the part of all counsel involved.

In light of these concerns, the Court would reduce the number of hours included in Preston's lodestar as follows:

(1) Phase One hours would be reduced from 266 hours to 256 hours to account for ex parte application related work. *See, e.g.*, Docket Nos. 14, 20;

(2) Phase Two hours would be reduced from 296.3 hours to 266.3 hours based on redundant billing;

(3) Phase Three hours would be reduced from 269.2 hours to 259.2 hours for ex parte applications and redundant billing;

(4) Phase Four hours would be reduced from 231.3 hours to 211.3 hours for ex parte applications, redundant billing, and time spent on filings related to Plaintiff's Motion To Compel Compliance with Subpoena, Docket No. 140.[1]

In sum, Preston's total lodestar would therefore be reduced from $547,342.00 to $511,292.00 in accordance with the 70 hour reduction detailed above. The Court would find the remaining components of the lodestar figure to reflect reasonable hours spent.

**B. Costs**

The FDCPA allows for an award of "the costs of the action." 15 U.S.C. § 1692k(a)(3). Here, Class Counsel seeks costs in the amount of $29,993.61. *See* Preston Decl. ¶ 14; Parisi Decl ¶ 5. Defendants do not contest this number, nor is the Court inclined to reduce it. As such,

---

[1] The Court reviewed the voluminous briefing of this motion and finds that many of the hours appear unreasonable and resulted from failures to engage in the meet and confer process for which Preston bears some responsibility.

the Court would award the full amount requested.

## IV. Conclusion

The Court would GRANT Plaintiff's application in part. Attorneys' fees are awarded in the amount of $610,004.50 and costs are awarded in the amount of $29,993.61. The Court would also endorse Class Counsel's proposal regarding the segregation of funds recovered from Defendants.[2]  *See* Mot. at 16.

---

[2] Class Counsel rightly points out that the notice required in a common fund case is likely unnecessary here. *See* Mot. at 16 (quoting *Glasser v. Volkswagen Of Am.*, Inc., 645 F.3d 1084, 1088-89 (9th Cir. 2011)). However, it has been clear for months that enforcing the full judgment in this matter may prove difficult. For that reason, the Court believes that some form of notice to class members may be required if this fee award ultimately affects the class's recovery in this matter. The Court would ask Plaintiff's counsel if the requested award would reduce the amount received by class members. The Court would further ask whether, if that is indeed the case, whether some appropriate form of notice and an opportunity to object could be provided without significantly burdening counsel and/or prolonging the litigation.